IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BNP PARIBAS VPG BROOKLINE CRE, LLC, a Delaware Limited Liability Company, | ) ) ) | CIVIL NO. 09-00191 JMS-BMK |
| | ) | ORDER (1) GRANTING PLAINTIFF'S |
| Plaintiff, | ) ) | MOTION FOR SUMMARY JUDGMENT AND INTERLOCUTORY |
| | ) | DECREE OF FORECLOSURE; AND |
| vs. | ) | (2) GRANTING COUNTERCLAIM |
| | ) | DEFENDANT BNP PARIBAS VPG |
| WHITE SANDS ESTATES, LLC, a | ) | BROOKLINE CRE, LLC AND |
| Hawaii Limited Liability Company; | ) | COUNTERCLAIMANT DDI, LLC'S |
| DDI, LLC, a Hawaii Limited Liability | ) | JOINT MOTION TO DISMISS |
| Company; JEFF CULVER, TRUSTEE | ) | COUNTERCLAIM WITH PREJUDICE |
| OF THE JEFF CULVER | ) | |
| REVOCABLE TRUST DATED | ) | |
| AUGUST 23, 2006; HENRY | ) | |
| AMADO; JOHN & MARY DOES 1- | ) | |
| 20; AND DOE PARTNERSHIPS, | ) | |
| CORPORATIONS OR OTHER | ) | |
| ENTITIES 1-20, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| DDI, LLC, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| BNP PARIBAS VPG BROOKLINE | ) | |
| CRE, LLC, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |
| _____ | ) | |

**ORDER (1) GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND INTERLOCUTORY DECREE OF FORECLOSURE;
AND (2) GRANTING COUNTERCLAIM DEFENDANT BNP PARIBAS
VPG BROOKLINE CRE, LLC AND COUNTERCLAIMANT DDI, LLC'S
JOINT MOTION TO DISMISS COUNTERCLAIM WITH PREJUDICE**

## I. INTRODUCTION

Two Motions are before the court in this diversity action seeking to
foreclose on a mortgage.  First, Plaintiff BNP Paribas VPG Brookline CRE, LLC
("Plaintiff" or "BNP") seeks summary judgment to establish default of the subject
loan documents, and to obtain an interlocutory decree of foreclosure.  Second,
Defendant/Counterclaimant DDI, LLC ("DDI") and BNP (as Counterclaim
Defendant) jointly move to dismiss DDI's Counterclaim against BNP.  The matters
were heard on March 12, 2012.  Based on the following, both Motions are
GRANTED.

## II. BACKGROUND

**A.    Factual Background**

The undisputed evidence in the record establishes the following facts:
By promissory note ("Note") dated November 13, 2007, Defendant White Sands
Estates LLC ("White Sands"), Defendant Jeff Culver, Trustee of the Jeff Culver
Revocable Trust Dated August 23, 2006 ("Culver"), and former Defendant San
Francisco Residence Club, Inc. ("SFRC") (collectively "Defendants") borrowed

2

$7,000,000 (jointly and severally) from former Plaintiff Kennedy Funding, Inc.

("Kennedy Funding") as agent for certain lenders.  Doc. No. 80-5, Pl.'s Mot. Ex.

A; Doc. No. 96, Vacarella Supplemental Decl. ¶ 3, March 16, 2012.  The Note, and

the Loan Agreement referenced in the Note, are secured by a corresponding

November 8, 2007 Mortgage (the "Mortgage").  The Mortgage (with White Sands,

SFRC, and Culver as mortgagors, and Kennedy Funding as mortgagee) grants

Kennedy Funding a mortgage lien and security interest on three parcels of real

property located in Kailua-Kona, Hawaii.  Doc. No. 80-6, Pl.'s Mot. Ex. B; Doc.

No. 96, Vacarella Supplemental Decl. ¶ 4.  The Mortgage was recorded in the

Hawaii Bureau of Conveyances on November 15, 2007.  Doc. No. 80-6, Pl.'s Mot.

Ex. B.

Defendant Henry Amado ("Amado") as guaranty for the loan,

executed and delivered to Kennedy Funding a Guaranty dated November 13, 2007.

Doc. No. 80-7, Pl.'s Mot. Ex. C; Doc. No. 96, Vacarella Supplemental Decl. ¶ 5.

The Note, Loan Agreement, Mortgage, and Guaranty are collectively referred to as

"the Loan Documents."

Kennedy Funding instituted this action on April 1, 2009, alleging that

Defendants have defaulted on performance of terms and conditions set forth in the

Loan Documents.  On December 13, 2010, Kennedy Funding (and non-party

Brookline Financing LLC) assigned all rights in the Loan Documents to BNP, with the assignment recorded in the Hawaii Bureau of Conveyances on January 11, 2011.  Doc. No. 80-8, Pl.'s Mot. Ex. D; Doc. No. 96, Vacarella Supplemental Decl. ¶ 7; Doc. No. 80-4, Nullet Decl. ¶¶ 3-5, Dec. 28, 2011.  On November 22, 2011, SFRC conveyed all its rights and interests in the mortgaged property to DDI.  Doc. No. 66-3.  Accordingly, on December 21, 2011, BNP was substituted as Plaintiff for Kennedy Funding, and DDI was substituted as a Defendant for SFRC.  Doc. Nos. 79 & 83.[1]

BNP has established (and no Defendant has proffered any admissible evidence to the contrary) that Defendants are in default under the Loan Documents for failure to make required payments.  Doc. No. 96, Vaccarella Supplemental Decl. ¶ 6; Doc. No. 80-4, Nullet Decl. ¶ 7.  BNP has likewise established that, as of December 23, 2011, the amount of principal and accrued interest owed is $12,479,638.89 (principal of $7,000,000 and accrued interest of $5,479,638.89).  Doc. No. 80-4, Nullet Decl. ¶ 9.  Interest continues to accrue on a per diem basis of $4,861.11.  *Id.* ¶ 8.

---

[1] A Motion for Substitution of Parties was orally granted on December 21, 2011, Doc. No. 79, and the written Order following the hearing was signed and entered on January 19, 2012. Doc. No. 83.

**B.      Procedural Background**

Kennedy Funding filed this action on April 1, 2009 in the Circuit Court of the Third Circuit, State of Hawaii.  The action was then removed on April 27, 2009 to this court under 28 U.S.C. § 1332, based upon diversity of citizenship. Doc. No. 1, Notice of Removal.  On May 4, 2009, SFRC filed an Answer and Counterclaim against Kennedy Funding.  Doc. No. 7.  As set forth above, on December 21, 2011, the court (U.S. Magistrate Judge Barry M. Kurren) granted a Motion for Substitution of Parties, and BNP was substituted as Plaintiff and DDI was substituted as a Defendant for SFRC.  Doc. No. 79.

On December 30, 2011, BNP filed its Motion for Summary Judgment and Interlocutory Decree of Foreclosure (the "Foreclosure Motion").  Doc. No. 80. Culver and DDI filed Statements of No Opposition to the Foreclosure Motion. Doc. Nos. 82, 89.  Amado did not file a statement regarding the Foreclosure Motion (although he appeared at a status conference on February 6, 2012, Doc. No. 88).  On February 17, 2012, White Sands filed its Opposition to the Foreclosure Motion, and BNP filed its Reply on February 27, 2012.  Doc. No. 92.

Meanwhile, on January 27, 2012, BNP and DDI filed a Joint Motion to Dismiss Counterclaim with Prejudice (the "Joint Motion").  Doc. No. 84.  No other party filed positions on the Joint Motion.

5

A hearing was held on both Motions on March 12, 2012.  Neither

Amado nor Culver appeared at the hearing (although Culver had filed a Statement

of No Opposition to the Foreclosure Motion).  At the hearing, White Sands

affirmatively stated that it did not oppose the Joint Motion.  Given concern

regarding authentication of certain of Plaintiff's exhibits, BNP agreed to file a

Supplemental Declaration in support of the Foreclosure Motion, which it did on

March 19, 2012.  Doc. No. 96.

## III.  <u>STANDARDS OF REVIEW</u>

### A.    **Summary Judgment**

Summary judgment is proper where there is no genuine issue of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56(a).  Rule 56(a) mandates summary judgment "against a party who

fails to make a showing sufficient to establish the existence of an element essential

to the party's case, and on which that party will bear the burden of proof at trial."

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of

Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of

informing the court of the basis for its motion and of identifying those portions of

the pleadings and discovery responses that demonstrate the absence of a genuine

issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (citing *Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56[(a)] its opponent must do more than simply show that there is some metaphysical doubt as to the material facts [and] come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (stating that a party cannot "rest upon the mere allegations or denials of his pleading" in opposing summary judgment).

"An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect the outcome of the suit under the governing law." *In re Barboza*, 545 F.3d 702, 707 (9th Cir. 2008) (citing *Anderson*, 477 U.S. at 248). When considering the evidence on a motion for summary judgment, the court must draw all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008) (stating that "the evidence of [the nonmovant] is to be believed, and all justifiable inferences are to be drawn

7

in his favor." (citations omitted)).

## B.     Voluntary Dismissal under Rule 41(a)(2)

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to court order, and subject to any terms and conditions the court deems proper, to dismiss an action at any time.  *See Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)).  Rule 41(a)(2) motions for voluntary dismissal should be liberally granted, unless a party will suffer plain legal prejudice.  The decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion.  *Westlands Water Dist.*, 100 F.3d at 96 (citations omitted).

## IV. <u>DISCUSSION</u>

## A.     The Foreclosure Motion

Plaintiff's Foreclosure Motion seeks (1) to declare (a) the Promissory Noted dated November 13, 2007 for $7,000,000, and (b) the Guaranty by Amado dated November 13, 2007, to be valid and enforceable; (2) to declare the November 8, 2007 Mortgage to be a valid lien; (3) to find White Sands and Culver in default of the Note; (4) to find Amado in default of the Guaranty; (5) to find White Sands, Culver, and DDI in default of the Mortgage; (6) to obtain an

interlocutory decree of foreclosure and a Rule 54(b) judgment; and

(7) appointment of a Commissioner to sell the subject property, subject to

confirmation.

      The evidence in the record is undisputed that Defendants are in default

of obligations under the Loan Documents.[2]  Doc. No. 96, Vaccarella Supplemental

Decl. ¶ 6; Doc. No. 80-4, Nullet Decl. ¶ 7.  BNP has met its summary judgment

evidentiary burden to establish a prima facie case that it is entitled to foreclose on

the Mortgage.  *See Indymac Bank v. Miguel*, 117 Haw. 506, 520, 184 P.3d 821,

835 (Haw. App. 2008) (explaining that a foreclosure decree is appropriate where

four material facts have been established: "(1) the existence of the [loan]

Agreement, (2) the terms of the Agreement, (3) default by [mortgagor] under the

terms of the Agreement, and (4) the giving of the cancellation notice and

recordation of an affidavit to such effect"); *see also* Hawaii Revised Statutes

§ 667-1 (providing for foreclosure by court action).

      White Sands opposes based in part upon *GE Capital v. Yonenaka*, 96

Haw. 32, 40, 25 P.3d 807, 815 (2001) (requiring, under Hawaii Rule of Civil

---

[2] White Sands opposes the Foreclosure Motion, but offers no *evidence* to establish that it is not in default.  Rather, it argues only that BNP has not met its initial burden to establish a prima facie case.  The Declarations of Vacarella and Nullet, however, are sufficient to meet BNP's burden, and White Sands has not met its corresponding burden to create a genuine issue of material fact.  *See, e.g.*, *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986).

Procedure 56(e) in a foreclosure matter, "a lender [to] place in evidence account

general ledgers" and refusing to accept affidavits in those circumstances),

*overruled on other grounds by Price v. AIG Haw. Ins. Co.*, 107 Haw. 106, 112, 111

P.3d 1, 7 (2005).  *Yonenaka*, however, is an application of *State* rules of civil

procedure and, under the *Erie* doctrine, does not apply in this court where federal

standards apply.  *See Diamond Resort Haw. Corp. v. Bay W. Kailua Bay, LLC*,

2011 WL 2610203, at *4-5 (D. Haw. July 1, 2011).  *Diamond Resort* distinguished

*Yonenaka* and held that affidavits or declarations, sworn upon personal knowledge,

are sufficient to meet an initial summary judgment burden, which BNP has done.

The burden then shifts to the non-movant to create a genuine issue of material fact.

*See, e.g.*, *Matsushita Elec. Indus. Co.*, 475 U.S. at 586-87.  Defendants have not

met their corresponding burden.  They offer no evidence that the Loan Documents

are not valid, that Defendants are not indebted to BNP, nor that they are not in

default.

> White Sands also objects that it is unable to verify the interest figures,

and that BNP has not adequately substantiated the amounts asserted in its Motion.

White Sands does not dispute the principal amount, nor that interest continues to

accrue.  BNP, however, is not seeking a deficiency judgment at this time.  Under

Hawaii law, foreclosure proceedings are normally bifurcated -- and the

10

proceedings in this action are following that normal process. *See, e.g.*, *City Bank v. Abad*, 106 Haw. 406, 412-13, 105 P.3d 1212, 1218-19 (Haw. App. 2005) ("[F]oreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree; and (2) all other orders.") (quoting *Sec. Pac. Mortg. Corp. v. Miller*, 71 Haw. 65, 70, 783 P.2d 855, 857 (1989)) (other citation omitted).[3]  If the amount of documentation of interest does not satisfy summary judgment standards at the second stage of Hawaii's bifurcated foreclosure proceedings, White Sands may object at that time.  Meanwhile, the evidence is undisputed that BNP is entitled to the requested declaratory relief, and an interlocutory decree of foreclosure.

The court hereby requests BNP to provide for the court's approval and signature an appropriate Foreclosure Decree setting forth the necessary terms and

---

[3]  A foreclosure decree usually orders sale of the property and "contains a direction to [a] commissioner[ ] to make a report of sale and to bring the proceeds into court for an order regarding their disposition." *IndyMac Bank v. Miguel*, 117 Haw. 506, 520, 184 P.3d 821, 835 (Haw. App. 2008) (quoting *Int'l Sav. & Loan Ass'n, v. Woods*, 69 Haw. 11, 17, 731 P.2d 151, 155 (1987)).  At the first stage, proof of default is required, although "it is not necessary to determine a sum certain before foreclosure is decreed[.]" *Id.* (quoting *Bank of Honolulu, N.A. v. Anderson*, 3 Haw. App. 545, 549, 654 P.2d 1370, 1374 (1982)).  The second part ("all other orders") includes an order confirming the sale and a deficiency judgment if the proceeds do not cover the debt. *See, e.g.*, *Beneficial Haw., Inc. v. Casey*, 98 Haw. 159, 165, 45 P.3d 359, 365 (2002); *Hoge v. Kane*, 4 Haw. App. 246, 247, 663 P.2d 645, 646-47 (1983) ("In foreclosure cases which result in a deficiency, the last and final order which starts the clock running is usually the deficiency judgment.").

conditions to effectuate the foreclosure process.  The parties are to meet and confer

in the selection of a proposed foreclosure Commissioner with sufficient experience

in the County of Hawaii.  If the parties are unable to agree on a foreclosure

Commissioner, each party may propose a foreclosure Commissioner and submit

their name and qualifications, and the court will make the final selection of a

foreclosure Commissioner.  A proposed Foreclosure Decree and foreclosure

Commissioner should be provided to the court by **April 9, 2012**.

## B.      The Joint Motion

Next, DDI and BNP jointly move under Rule 41(a)(2) to dismiss

DDI's Counterclaim with prejudice against BNP.  DDI, BNP, and Culver

previously signed a stipulation to dismiss the Counterclaim indicating they agree to

its dismissal.  Amado and White Sands, however, did not agree to dismissal by

stipulation (although neither has opposed the Joint Motion in writing).

Rule 41 provides in pertinent part:

(a) Voluntary Dismissal.

(2) By Court Order; Effect.  Except as provided in Rule
41(a)(1), an action may be dismissed at the plaintiff's
request only by court order, on terms that the court
considers proper. . . .  Unless the order states otherwise, a
dismissal under this paragraph (2) is without prejudice.

The only question is whether there is any "legal prejudice" to Amado

or White Sands if the Counterclaim is dismissed. *See, e.g.*, *Westlands Water Dist.*, 100 F.3d at 96; *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002) (reasoning that dismissal *with* prejudice under Rule 41(a)(2) is considered to be a "term that the court considers proper"). Amado and White Sands were not parties to the Counterclaim. Amado made no appearance at the hearing and White Sands affirmatively stated that it does not oppose the Motion. Dismissal of the Counterclaim can have no prejudice to these parties. (No party, for example, has asserted that fees or costs were incurred as a result of the Counterclaim.) Accordingly, the Joint Motion is GRANTED, and the Counterclaim is DISMISSED.

## V. <u>CONCLUSION</u>

Plaintiff BNP's Foreclosure Motion, Doc. No. 80, is GRANTED. BNP is entitled to issuance of a decree of foreclosure. The parties are to meet and confer regarding a proposed foreclosure Commissioner. BNP shall provide a proposed form of foreclosure decree with necessary terms and conditions, and the name of a proposed foreclosure Commissioner by **April 9, 2012**. If the parties are unable to agree on a foreclosure Commissioner, each party may propose a foreclosure Commissioner and submit their name and qualifications, and the court will make the final selection of a foreclosure Commissioner.

13

The Joint Motion to Dismiss Counterclaim, Doc. No. 84, is also

GRANTED.  Counterclaimant DDI, LLC's Counterclaim against BNP is

DISMISSED with prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 21, 2012.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*BNP Paribas VPG Brookline CRE, LLC v. White Sands Estates, LLC, et al*., Civ. No. 09-00191 JMS/BMK, Order (1) Granting Plaintiff's Motion for Summary Judgment and Interlocutory Decree of Foreclosure; and (2) Granting Counterclaim Defendant BNP Paribas VPG Brookline CRE, LLC and Counterclaimant DDI, LLC's Joint Motion to Dismiss Counterclaim with Prejudice

14